## COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
### EL PASO



| | | |
|---|---|---|
| LIGHTSEY NATHAN SAUL, JR., | ) | |
| | ) | No. 08-12-00030-CR |
| Appellant, | ) | |
| | ) | Appeal from the 83rd District Court |
| vs. | ) | |
| | ) | of Pecos County, Texas |
| THE STATE OF TEXAS, | ) | |
| | ) | (TC# 2849) |
| Appellee. | ) | |

## O R D E R

The reporter's record in the above styled and numbered cause was originally due March 8, 2012. The Court has granted numerous extensions of time, the most recent having been granted until March 27, 2013. Portions of the reporter's record have been filed, but fourteen volumes remain to be filed. The Court has been unsuccessful in its recent efforts to contact the court reporter, Ms. Patricia Phelps, regarding the missing volumes. Consequently, the Court has determined it is necessary for the trial court to conduct a hearing regarding the court reporter's failure to timely file the reporter's record in this appeal.

It is therefore ORDERED that the trial court conduct a hearing to determine whether Appellant has been deprived of the remaining portion of the reporter's record for any reason, including whether the reporter's record has been lost or destroyed, such that Appellant might be entitled to a new trial pursuant to TEX.R.APP.P. 34.6(f). The trial court shall determine the following:

1.  whether a significant portion of the court reporter's notes and exhibits have been lost or destroyed, and if so, whether the loss or destruction occurred without any fault of the Appellant;
2.  if the reporter's record has been lost or destroyed, whether the lost or destroyed portion is necessary to the appeal's resolution;
3.  if the reporter's record has been lost or destroyed, whether it can be replaced by agreement of the parties; and
4.  if the reporter's record has not been lost or destroyed, the trial court shall determine the earliest date the reporter's record can be completed and filed in the court of appeals.

1

The trial court is authorized to hear evidence and to determine any additional matters it deems relevant to this inquiry. The court is also authorized to enter any orders to ensure that the reporter's record is filed at the earliest date possible. The trial court is directed to make findings of fact and conclusions of law regarding these matters and file same with the trial court clerk for inclusion in a supplemental clerk's record. The record of such hearing and the supplemental clerk's record shall be forwarded to this Court on or before May 10, 2013.

IT IS SO ORDERED this 9th day of April, 2013.


PER CURIAM

Before McClure, C.J., Rivera, and Rodriguez, JJ.